I respectfully dissent from the majority with regard to their disposition of appellant's second assignment of error. I would uphold the jury's verdict, finding both that McMahan was liable individually and that McMahan's Wrecking was liable.
The letter at issue in this case appeared to have a dual purpose: one to advance McMahan's individual interests, and one to advance the interests of McMahan's Wrecking as a business.
First of all, according to the letter, McMahan's complaints with Baeppler arose from Baeppler's attitude towards McMahan and the way he conducted his business. He asserts that Baeppler's "vendetta" against him was due to rumors regarding McMahan's business practices. In addition, McMahan wrote the letter after charges of felonious assault and kidnapping had been brought against him. Thus, based upon McMahan's letter, it is reasonable to infer that McMahan wrote the letter in an attempt to prevent the police from conducting any further investigation into his personal sources of income as well as with the hope that the criminal matter would be resolved in his favor.
Second, and distinct from McMahan's desire to further his personal interests, McMahan apparently also wished to recapture lost business. McMahan admitted that his business had suffered as a result of Baeppler's directive to the Second District police officers that they refrain from visiting McMahan's Wrecking while on duty. Thus, McMahan also intended to promote the interests of his business.
As the letter, the source of McMahan's liability, was written to promote both his own individual interests as well as those of his business, I would find that imposing damages on both McMahan and McMahan's Wrecking was proper.
Moreover, the verdict forms that were submitted to the jury read as follows:
 We, the Jury, in this case, being duly empaneled and sworn, upon the concurrence of the undersigned Jurors, being not less than three-fourths of the whole number thereof, do find for the Plaintiff, GREGORY BAEPPLER, in the amount of $ _____ for compensatory damages, and against the Defendant McMAHAN'S WRECKING, INC. D/b/a D and M Wrecking, Inc.
A similar verdict form regarding punitive damages was submitted.
Appellants failed to object to this verdict form, which does not merely contemplate that appellant McMahan Wrecking may have been responsible for appellant's actions but clearly provides for an award of damages distinct from the amount of damages awarded against appellant McMahan. Therefore, appellants have waived their right to now claim that the separate award of damages against appellant McMahan and appellant McMahan Wrecking constituted inconsistent verdicts[8]
For these reasons, I would have upheld the separate awards against both McMahan, individually, and McMahan Wrecking and would have overruled appellant's second assignment of error.
[8] In addition to failing to object to the verdict forms, appellee also did not request any interrogatory for the jury that may have served to clarify their award.